# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2163 | **DATE** | May 6, 2011 |
| **CASE TITLE** | Larry Martin (#B-58252) v. Lt. Clements, et al. | | |

**DOCKET ENTRY TEXT:**

Defendants' motion to substitute counsel [41] is granted, and Eric Garcia shall be listed as counsel for the Defendants. Defendants' motion to dismiss [43] is denied, and the court construes Plaintiff's claims to be against the Defendants in their individual capacities. Defendants shall answer the amended complaint or otherwise plead within 30 days of the date of this order. To the extent that Plaintiff seeks to sue the Defendants in their official officials, as opposed to their individual capacities, Plaintiff must submit another amended complaint sufficiently stating official-capacity claims. Further telephone conference is set for 6/16/2011 at 8:30 a..m., the call to be initiated by counsel for Defendants.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

In his amended complaint, Plaintiff Larry Martin, currently incarcerated at Robinson Correctional Center, has asserted retaliation claims against five Cook County Jail officers. He alleges that, in the latter part of 2009, while he was incarcerated at Cook County Jail, Lieutenant Clemons (spelled "Clements" by Plaintiff) conducted a shakedown (search) of Plaintiff's cell after Plaintiff filed a grievance about a strip search. When Plaintiff complained about the shakedown, Clemons ordered officers to conduct another shakedown, about which Plaintiff again complained, thus prompting another search. Plaintiff states that Sergeant Turner conducted at least one of the shakedowns and that Plaintiff wrote letters to Superintendent Salazar (Clemons' supervisor) complaining about the shakedowns, but she refused to take any action. Allegedly, shortly after Plaintiff wrote to Salazar, Lieutenant McNamara and Sergeant W. Washington conducted another search and falsely charged Plaintiff with possession of unauthorized medications. Plaintiff states that he was placed in segregation for the charge.

When listing the Defendants on the cover of the amended complaint, Plaintiff states that "they are being sued in their official capacities." (R. 19, Amended Compl., cover.) The amended complaint does not otherwise mention official capacity, however, and instead alleges claims of retaliation against the Defendants in their individual capacities, *see Mays v. Springborn*, 575 F.3d 643, 650 (7th Cir. 2009) (allegations that jail officers took adverse action against an inmate based upon an his complaints about strip searches state claims of retaliation).

Actions brought against officers in their official capacities are actually claims against the entity that employs the officers. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). A plaintiff bringing official-capacity claims must allege that he or she has suffered an injury resulting from an unconstitutional policy, custom, or practice. *See Waters v. City of Chicago*, 580 F.3d 575, 580 (7th Cir. 2009). The plaintiff must allege: (1) an express policy; (2) a widespread practice constituting custom or usage; or (3) a constitutional injury caused or ratified by a person with final policy-making authority. *See Wragg v. Vill. of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010).
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|
|     Plaintiff Martin has not challenged the searches on custom or policy grounds. He asserts, instead, that individual officers retaliated against him for complaining about strip searches and cell searches. Rather than have Plaintiff file another amended complaint to simply omit his reference to official capacity on the cover of the complaint, the court construes the amended complaint to be against the Defendants in their individual capacities. *See Conner v. Reinhard*, 847 F.2d 384, 394 n.8 (7th Cir. 1988) (where a complaint is silent as to what capacity the defendant is being sued, a court need not follow the presumption that a defendant is sued in his or her official capacity when it is clear that the plaintiff intended to sue the defendant in his or her individual capacity). As so construed, the court directs Defendants to answer or otherwise plead in response to the amended complaint within 30 days. If Plaintiff intended to sue the Defendants in their official-capacities – i.e., if he intended to allege a claim of au unconstitutional custom or policy – he must submit another amended complaint that clearly sets forth all of the claims he seeks to allege. |