# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2163 | **DATE** | May 17, 2012 |
| **CASE TITLE** | Larry Martin (#2009-0062502) vs. Lt. Clements, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's third amended complaint [Doc. #84] is stricken. His amended complaint [Doc. #19] remains the controlling complaint of this case. His motion for the appointment of counsel [Doc. #78] is denied without prejudice. Defendants' motion for an enlargement of time to file dispositive motions [Doc. #85] is granted to and including June 22, 2012. Telephone status conference now set for May 31, 2012, 8:30 a.m. to stand.

■[ For further details see text below.]                                     Docketing to mail notices.

## STATEMENT

Plaintiff Larry Martin, an inmate at the Jacksonville Correctional Center, has three cases pending before this Court pertaining to events during his incarceration at the Cook County Jail in 2009 and 2010. The instant case (no. 10 C 2163) involves claims that Lieutenant Clements directed officers to conduct searches of Plaintiff's cell in retaliation for Plaintiff having complained about a strip search and a prior search of his cell. According to Plaintiff, each time his cell was searched, he complained, which prompted another search. Plaintiff's other case (no. 10 C 2162), which he filed at the same time, alleged that he was denied adequate dental care and that he was strip searched after he and an officer argued about his desire for immediate dental care. Because that case involved two unrelated claims, the Court severed the strip search claim and created another case (no. 11 C 4592).

In the instant case (10-2163), the Defendants have answered, the parties have been conducting discovery, and the court has set a date for the filing of dispositive motions by the Defendants.

Plaintiff has recently filed amended complaints in all three cases, seeking to add Amy Cooper as a Defendant and alleging that she was the officer who denied Plaintiff's requests to see a dentist. Officer Cooper allegedly also reported that Plaintiff tried to commit suicide when he swallowed several Tylenol pills at once, which led to Plaintiff being stripped searched. Neither of these claims are part of this suit (no. 10 C 2163), which involves only the alleged retaliatory searches of Plaintiff's cell after he complained about the strip search and cell searches. (The court notes, in any event, that Plaintiff's own allegations of a suicide attempt establish a legitimate, non-retaliatory reason for jail officials to perform a search.) Accordingly, Plaintiff may not add Amy Cooper as a Defendant in case no. 10 C 2163.

Plaintiff's amended complaint also includes a claim against Officer Johnson, but that officer's alleged involvement is limited to searching Plaintiff's cell prior to the time that Plaintiff voiced his complaint about the strip and cell searches. Simply searching a pretrial detainee's cell raises no constitutional issue. *See Hudson v. Palmer*, 468 U.S. 517, 526 (1984) (a prisoner has no reasonable expectation of privacy in his cell entitling him to Fourth Amendment protection against unreasonable searches); *see also Johnson v. Phelan*, 69 F.3d 144 (7th Cir. 1995) (*Hudson* presumably applies to pretrial detainees). Plaintiff's claim of cell searches appears limited to those performed in retaliation for having complained about them. *See DeWalt v. Carter*, 224 F.3d 607, 613

## STATEMENT

(7th Cir. 2000) (an act that is permissible when taken for a different reason, may become unconstitutional when done in retaliation of an inmate's First Amendment right); *Allen v. Palmer*, No. 04 C 4306, 2005 WL 3116583 at *2 (N.D. Ill. Nov. 22, 2005) (Manning, J.) (cell searches by themselves do not give rise to a § 1983 claim, but allegations of cell searches in retaliation for filing grievances states a constitutional claim). Plaintiff's claim that Johnson engaged in a cell search prior to Plaintiff filing grievances does not state a claim. Moreover, as Plaintiff's earlier complaint did not name this Officer Johnson (Plaintiff previously named a Social Worker Johnson as a Defendant, evidently not the same person), any claims against this newly-named Defendant are untimely. *See Brooks v. Ross*, 578 F.3d 574, 578 (7th Cir. 2009);735 ILCS 5/13-202 (§ 1983 claims in Illinois have a two-year limitations period); *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 913-914 (7th Cir. 2000) (an amended complaint does not relate back to a prior complaint for a previously unknown Defendant).

Accordingly, Plaintiff's amended complaint, which seeks to add two new Defendants and claims to this case (10 C 2163), is stricken. The amended complaint (Doc. #19) remains the controlling complaint of this case. Defendant's motion for an extension of the time to file dispositive motions (Doc. #85) is granted. Such motions, if any, shall be filed on or before June 22, 2012.